IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIELLE C. JEFFERIS, | Case Number: 24-cv-3062 |
| Plaintiff, | COMPLAINT AND DEMAND |
| v. | FOR INJUNCTIVE RELIEF |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

Plaintiff Professor Danielle C. Jefferis, through undersigned counsel, hereby submits her Complaint and Demand for Injunctive Relief against the above-named Defendant, and in support thereof states as follows:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the processing and release of agency records improperly withheld from Plaintiff Professor Danielle C. Jefferis ("Professor Jefferis").

2. The records are held by, and were requested from, Defendant Federal Bureau of Prisons ("BOP"), the agency that operates federal prisons and is responsible for the care of the more than 150,000 people in federal criminal custody. The requested records concern one of the BOP's harshest supermax prisons — the United States Penitentiary, Administrative Maximum, in Florence, Colorado (also known as "USP Florence ADMAX," "ADX Florence," and "ADX").

3. ADX incarcerates approximately 400 people every day in near-total isolation. Situated against the mountains of southern Colorado for the past thirty years, the prison operates largely in secrecy, with reporters regularly denied access despite routine allegations of severe abuse and suffering of the people incarcerated inside. Indeed, ADX is the subject of numerous federal lawsuits brought by incarcerated plaintiffs challenging the conditions within its walls and

the treatment of those living inside.

4. The FOIA request that is the subject of this action seeks records pertaining to the federal government's authorization, construction, and 1994 opening of ADX. Professor Jefferis intends to use the records to further her research on the rise and evolution of the supermax prison, and on the legal standards and practices concerning people in the custody of the federal government. This research is aimed to inform other legal scholars, lawyers, judges, and members of the public about one of the nation's most restrictive prisons and, more broadly, issues impacting America's mass incarceration system. One of her primary goals for her scholarship is to shine a light on issues of which the public may not be aware so that those issues may further inform and shape policy debates and the evolution of the law.

5. Professor Jefferis's aim in obtaining those records is squarely within FOIA's purpose: The statute exists "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976). To date, the BOP has failed to fulfill its clear statutory obligations to disclose the requested records, thus avoiding the possibility of any public research, scrutiny, and oversight of its actions, thus prompting this lawsuit.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 5 U.S.C. §§ 552(a)(4)(B) and (6)(E)(iii); and 5 U.S.C. §§ 701-06.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

*Plaintiff*

8. Professor Jefferis is a law professor whose research focuses on theories of punishment and the law and policy governing prison and detention. She writes regularly on the

role of the federal courts in overseeing the constitutionality of conditions of confinement in America's prisons. Her research has appeared or is forthcoming in many top legal journals, including NORTH CAROLINA LAW REVIEW, FORDHAM LAW REVIEW, MICHIGAN JOURNAL OF RACE AND LAW, INDIANA LAW JOURNAL, and CORNELL LAW REVIEW *Online*, among others.

***Defendant***

9. Defendant BOP is a component of the U.S. Department of Justice, which is a department of the Executive Branch of the United States government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The BOP is responsible for the health and safety of more than 150,000 people within its custody across the United States.

## STATEMENT OF FACTS

10. "The basic purpose of FOIA is the ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

11. With that fundamental purpose in mind, on June 7, 2023, more than nine months ago, Professor Jefferis submitted her FOIA request to Defendant seeking the following records:

   1. Any and all records (including but not limited to policies, practices, guidance, memoranda, written communications, notes, and procedures) pertaining to the authorization, construction, and 1994 opening of ADX Florence.

   2. Any and all correspondence between Federal Bureau of Prisons officials and members of the United States Congress pertaining to the authorization, appropriation, and 1994 opening of ADX Florence.

   3. Any and all correspondence between Federal Bureau of Prisons officials and members of the Department of Justice, White House, and any other federal executive branch official pertaining to the authorization, appropriation, construction, and 1994 opening of ADX Florence.

   4. Any and all records related to April 25, 1985, correspondence sent by Norman A. Carlson to Representative Robert W. Kastenmeier of the United States House of Representatives, including the correspondence itself and any drafts,

3

        internal memoranda, written communications, notes, or responses received.

5. Any and all records related to the May 1987 report written by Loren Karacki entitled "An Assessment of the High Security Operation at USP Marion, Illinois," including the report itself and any internal memoranda, written communications, notes, or other responses written by BOP personnel.

*See generally* **Exhibit 1**, attached hereto.

12. In the request, Professor Jefferis requested a fee waiver and represented that her primary interest in the requested documents was for research and education. *See* **Exhibit 1** at 2. The records concern the authorization of the ADX more than thirty years ago, including interactions between the BOP and Congress, all of which is relevant to and within the public's interest as part of the historical record.

13. FOIA requires federal agencies to make government records, like those sought above, "promptly available to any person" unless an enumerated exemption applies. 5 U.S.C. § 552(a)(3).

14. FOIA sets forth a specific timeline for responding to a FOIA request. A federal agency must "determine within 20 days (except Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of," among other things, "such determination and the reasons therefor." *Id*. at § 552(a)(6)(A)(i).

15. To make such a 'determination,' an agency "must at least (i) gather and review the documents, (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

16. In "unusual circumstances," including a "need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records," that deadline may be extended for a period not to exceed 10 additional business days. 5 U.S.C. § 552(a)(6)(B).

17. Additionally, FOIA provides for a waiver of any document search, review, and duplication fess when the request is in the public interest and not primarily in the commercial interest of the requester. *Id*. at § 552(a)(4)(A)(iii).

18. FOIA waives administrative exhaustion requirements and permits a requester to sue in federal court without continued waiting for an agency response where an agency fails to comply with FOIA deadlines. *Id*. at §552(a)(4)(B), (a)(6)(C)(1).

19. Thus, pursuant to FOIA, the BOP had twenty business days to determine whether it would comply with Professor Jefferis' request, grant a fee waiver, and disclose the records.

20. The same day Professor Jefferis made her request, the BOP acknowledged her request, assigning it a FOIA/PA Request Number of 2023-03587. *See generally* **Exhibit 2**, attached hereto.

21. In the acknowledgment, the BOP represented that it had assigned the processing of the request to the Central Office ("CO"), and it stated that it "determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office." *See* **Exhibit 2** at 1.

22. If unusual circumstances in fact applied to Professor Jefferis's request, the BOP had thirty business days to notify Professor Jefferis of its determination. That deadline exhausted on or around July 24, 2023.

23. For the next three months, the BOP did not provide Professor Jefferis any response to her request.

24. On September 7, 2023, having heard nothing from the BOP, Professor Jefferis filed an appeal with the BOP for its constructive denial of her FOIA request. *See generally* **Exhibit 3.**

25. The same day, a Supervisory Administrative Specialist with the Department of Justice Office of Information Policy ("OIP") acknowledged Professor Jefferis's appeal. In its acknowledgement letter, the OIP assigned the request an appeal number of A-2023-01983 and stated that it would notify Professor Jefferis of the decision on her appeal "as soon as we can." **Exhibit 4** at 1.

26. On January 23, 2024, the OIP notified Professor Jefferis that "regulations provide for an administrative appeal . . . only after there has been an adverse determination by a component. As no adverse determination has yet been made by BOP, there is no action for this Office to consider on appeal." *See* **Exhibit 5** at 1.

27. However, OIP also noticed Professor Jefferis that "the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond." *Id*. The OIP assured Professor Jefferis that "this Office has contacted BOP and has been advised that [the] request is currently being processed." *Id*.

28. Despite the OIP's representation in January that the BOP is processing the request, the BOP has not provided Professor Jefferis any determination to her FOIA request, as the agency is statutorily obligated to do, nor has the BOP provided any responsive records. Professor Jefferis has not received any correspondence from the BOP regarding this request since its acknowledgment of her request on June 7, 2023.

**CLAIMS FOR RELIEF**

**COUNT 1**
**Freedom of Information Act – 5 U.S.C. § 552 – Failure to Timely Issue a Determination in Response to Plaintiff's FOIA Request**

29. Plaintiff realleges and incorporates by reference all allegations of this Complaint here.

30. Under FOIA, Defendant was required to "immediately notify (within twenty business days)" Professor Jefferis of its determination as to whether it will comply with her FOIA request and the reasons for that determination.

31. Within that time, Defendant was required to "at least (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold and the reasons for withholding any documents; and (iii) inform the requester that [she] can appeal whatever portion of the 'determination' is adverse." *Citizens*, 711 F.3d at 188.

32. BOP failed to fulfill this obligation to provide a determination in response to Plaintiff's FOIA request within the statutorily required time periods stated in 5 U.S.C. § 552(a)(6)(A), in violation of FOIA.

## COUNT 2
### Freedom of Information Act – 5 U.S.C. § 552 – Failure to Reasonably Search for and Promptly Produce Responsive Records

33. Plaintiff realleges and incorporates by reference all allegations of this Complaint here.

34. Under FOIA, Defendant was required to reasonably search for and "promptly" produce records responsive to Plaintiff's FOIA request and provide lawful reasons for withholding any materials as to which it claims an exception. Typically, "promptly" means "within days or a few weeks of a 'determination' [under 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i)], not months or years." *Citizens*, 711 F.3d at 188.

35. As of the date of this Complaint, Defendant has not reasonably searched for, and has failed to produce, any responsive records — or any records at all — pertaining to Professor Jefferis's request. Defendant has not invoked any FOIA exemption, and none apply.

36. Even if one or more exemptions did apply to certain portions of the requested records, Defendant must disclose any reasonably segregable non-exempt portions. *See* 5 U.S.C. § 552(a)(8)(A)(ii)(II).

37. And even if Defendant determined that any or all of the agency documents Professor Jefferis has requested are somehow exempt, Defendant is required to inform Professor Jefferis of that determination and the reasons for it.

38. Defendant has violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to Plaintiff's FOIA request, and as a result, may not charge Professor Jefferis any retrieval fees, duplication charges, or review fees as a condition of providing the requested records. *See* 5 U.S.C. § 552(a)(4)(A)(viii).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests respectfully that this Court:

   a. Order Defendant to immediately process and release all records responsive to her request;

   b. Enjoin Defendant from charging Plaintiff search, review, or duplication fees for the processing of her request;

   c. Award Plaintiff her costs and reasonable attorneys' fees incurred in this action; and

   d. Grant such other relief as the Court may deem just and proper.

DATED: April 3, 2024

        Respectfully submitted,

        *s/ Aaron Slade*
        Aaron Slade, Esq.
        Bar Number: 58087
        Attorney for Plaintiff
        NOVO LEGAL GROUP, LLC
        4280 Morrison Rd.

Denver, Colorado 80219
Telephone: 303-335-0250
Fax: 303-296-4586
Email: aslade@novo-legal.com



# VIA ELECTRONIC MAIL

June 7, 2023

FOIA/PA Section
Office of General Counsel, Room 924
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

      RE:    FOIA Request

Dear FOIA Officer,

This letter constitutes a request under the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552, *et seq*. I am seeking records held by the Federal Bureau of Prisons ("BOP"), including any of its components, relating to the development, design, construction, and opening of the United States Penitentiary, Administrative Maximum in Florence, Colorado (also known as "USP Florence ADMAX," "ADX Florence," and "ADX").

## I.    Requested Records

Please provide me with a complete copy of the following:

1. Any and all records (including but not limited to policies, practices, guidance, memoranda, written communications, notes, and procedures) pertaining to the authorization, construction, and 1994 opening of ADX Florence.

2. Any and all correspondence between Federal Bureau of Prisons officials and members of the United States Congress pertaining to the authorization, appropriation, and 1994 opening of ADX Florence.

3. Any and all correspondence between Federal Bureau of Prisons officials and members of the Department of Justice, White House, and any other federal executive branch official pertaining to the authorization, appropriation, construction, and 1994 opening of ADX Florence.

4. Any and all records related to April 25, 1985, correspondence sent by Norman A. Carlson to Representative Robert W. Kastenmeier of the United States House of Representatives, including the correspondence itself and any drafts, internal memoranda, written communications, notes, or responses received.

University of Nebraska College of Law
1875 N. 42nd Street | P.O. Box 830902 | Lincoln, NE 68583-0902 | 402-472-2161
law.unl.edu

JEFFERIS V. BOP 24-CV-3062 EXHIBIT 1

5. Any and all records related to the May 1987 report written by Loren Karacki entitled "An Assessment of the High Security Operation at USP Marion, Illinois," including the report itself and any internal memoranda, written communications, notes, or other responses written by BOP personnel.

As used in this request, the term "records" includes all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies. For e-mail communications, this request includes items that were sent directly to BOP individuals and items on which an individual was "copied" using the "cc" or "bcc" fields. This request is explicitly intended to include other forms of correspondence, including paper notes, letters, and memoranda.

If this request is denied in whole or in part, please justify all deletions or omissions by reference to specific exemptions to FOIA. I expect the release of all segregable portions of otherwise exempt material and reserve the right to appeal a decision to withhold any information.

## II.     Fee Waiver Request

I request a waiver of document search, review, and duplications fees on the grounds that disclosure is in the public interest and not primarily in the commercial interest of the requester. *See* 5 U.S.C. § 552(a)(4)(A)(iii). My primary interest in these documents is for research and education.

Thank you for your attention to this matter. If the records are available in electronic form or can be scanned and sent by e-mail, I request to receive them solely by electronic means (via danielle.jefferis@unl.edu). If the records are not available in electronic format, please mail the records to:

> Professor Danielle Jefferis
> University of Nebraska College of Law
> 1875 N 42nd Street, Office 261N
> Lincoln, NE  68503

If you have any questions, please do not hesitate to contact me via email or phone (970) 250-4221.

Sincerely,

Danielle C. Jefferis
Assistant Professor of Law
danielle.jefferis@unl.edu



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC 20534*

June 7, 2023

Danielle Jefferis
Assistant Professor of Law
University of Nebraska College of Law
1875 N. 42nd Street, McCollum Hall 261N
Lincoln, NE 68583

Dear Ms. Jefferis:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your request has been assigned a number and forwarded to the processing office noted below. Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request. A copy of the first page of your request is attached to help you keep track of your request more easily.

FOIA/PA Request Number:      2023-03587
Processing Office:      CO

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first in, first out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.

We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office. Because of these unusual circumstances, we have extended the time limit to respond to your request for the ten additional days provided by the statute. Processing complex requests may take up to nine months. In accordance with 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount. At that time, you will have the option to reformulate your request to reduce the fees. If you requested a fee waiver, we will decide whether to grant your request after we determine whether fees will be assessed for this request.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, please feel free to contact the CO at (202) 616-7750 (phone) or the BOP's FOIA Public Liaison, Ms. Kara Christenson, at: (202) 616-7750 (phone); 320 First Street NW, Room 924, Washington, DC 20534; or bop-ogc-efoia-s@bop.gov. You can also check the status of your request online at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road (OGIS), College Park, MD 20740; ogis@nara.gov; (202) 741-5770 (phone); (877) 684-6448 (toll free); or (202) 741-5769 (fax).

Sincerely,

L. Eichensehr, for
Eugene E. Baime, Supervisory Attorney

 My Account     Sign Out     Help

**HOME**    TRACKING INBOX

Tracking Inbox  »  Appeal



# A-2023-01983

**Requester:**  Jefferis, Danielle

**Status: Submitted**

## Appeal

### Appeal Information

| | | | |
|---|---|---|---|
| Received Date | 09/07/2023 | Agency | OIP |
| | | Document Delivery Method | Email |

### Request Information

| | |
|---|---|
| Request Number | 2023-03587 |
| Component | BOP |
| Subject of Request | This letter constitutes a request under the Freedom of Information Act ("FOIA"). See 5 U.S.C. § 552, et seq. I am seeking records held by the Federal Bureau of Prisons ("BOP"), including any of its components, relating to the development, design, construction, and opening of the United States Penitentiary, Administrative Maximum in Florence, Colorado (also known as "USP Florence ADMAX," "ADX Florence," and "ADX"). |
| | Please provide me with a complete copy of the following: |
| | 1. Any and all records (including but not limited to policies, practices, guidance, memoranda, written communications, notes, and procedures) pertaining to the authorization, construction, and 1994 opening of ADX Florence. |
| | 2. Any and all correspondence between Federal Bureau of Prisons officials and members of the United States Congress pertaining to the authorization, appropriation, and 1994 opening of ADX Florence. |
| | 3. Any and all correspondence between Federal Bureau of Prisons officials and members of the Department of Justice, White House, and any other federal executive branch official pertaining to the authorization, appropriation, construction, and 1994 opening of ADX Florence. |
| | 4. Any and all records related to April 25, 1985, correspondence sent by Norman A. Carlson to Representative Robert W. Kastenmeier of the United States House of Representatives, including the correspondence itself and any drafts, internal memoranda, written communications, notes, or responses received. |
| | 5. Any and all records related to the May 1987 report written by Loren Karacki entitled "An Assessment of the High Security Operation at USP Marion, Illinois," including the report itself and any internal memoranda, written communications, notes, or other responses written by BOP personnel. |

### Basis for Appeal

| | |
|---|---|
| Description of Appeal | On June 7, 2023, I received an acknowledgement of my request from Eugene E. Baime, Supervising Attorney. The agency stated that it had determined "unusual circumstances exist" for my request and invoked the additional ten days to respond to my request as allowed by statute. I have received no further correspondence from the agency regarding this request, which can be treated as a constructive denial of my request. |
| Based on Denial of Fee Waiver | Yes |
| Based on Denial of Expedited Processing | No |
| Requester Item Type 1 | |
| Requester Items 1 | |
| Requester Item Type 2 | |

**JEFFERIS V. BOP 24-CV-3062 EXHIBIT 3**

Requester Items 2
Requester Item Type 3
Requester Items 3

**Requester Contact Information**

| | | | |
|---|---|---|---|
| Salutation | | Address Type | |
| First Name | Danielle | Country | |
| Middle Name | | Address Line 1 | |
| Last Name | Jefferis | Address Line 2 | |
| Email Address | danielle.jefferis@unl.edu | City | |
| | | State | |
| Organization | | Zip/Postal Code | |
| Register Number | | | |
| Phone Number | | | |
| Fax Number | | | |
| Other Information | | | |

**Expedited Processing Information**

Expedited Processing Requested?    No



**U.S. Department of Justice**
Office of Information Policy
Sixth Floor
441 G Street, NW
Washington, DC 20530-0001

Telephone: (202) 514-3642

September 07, 2023

Danielle Jefferis
,
danielle.jefferis@unl.edu

Dear Danielle Jefferis:

This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Bureau of Prisons regarding Request No. 2023-03587 on 09/07/2023.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2023-01983. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Danielle Jefferis

                         Re:    Appeal No. A-2023-01983

                                Request No. 2023-03587

danielle.jefferis@unl.edu

**VIA: Online Portal - 01/23/2024**

Dear Danielle Jefferis:

      You attempted to appeal from the failure of the Federal Bureau of Prisons (BOP) to respond to your Freedom of Information Act (FOIA) request for access to records concerning: 1. Any and all records (including but not limited to policies, practices, guidance, memoranda, written communications, notes, and procedures) pertaining to the authorization, construction, and 1994 opening of ADX Florence. 2. Any and all correspondence between Federal Bureau of Prisons officials and members of the United States Congress pertaining to the authorization, appropriation, and 1994 opening of ADX Florence. 3. Any and all correspondence between Federal Bureau of Prisons officials and members of the Department of Justice, White House, and any other federal executive branch official pertaining to the authorization, appropriation, construction, and 1994 opening of ADX Florence. 4. Any and all records related to April 25, 1985, correspondence sent by Norman A. Carlson to Representative Robert W. Kastenmeier of the United States House of Representatives, including the correspondence itself and any drafts, internal memoranda, written communications, notes, or responses received. 5. Any and all records related to the May 1987 report written by Loren Karacki entitled An Assessment of the High Security Operation at USP Marion, Illinois, including the report itself and any internal memoranda, written communications, notes, or other responses written by BOP personnel.

      Department of Justice regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component. See 28 C.F.R. § 16.8(a) (2022). As no adverse determination has yet been made by BOP, there is no action for this Office to consider on appeal.

      As you may know, the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond. See 5 U.S.C. § 552(a)(6)(C)(i). However, I can assure you that this Office has contacted BOP and has been advised that your

JEFFERIS V. BOP 24-CV-3062 EXHIBIT 5

request is currently being processed. If you are dissatisfied with BOP's final response, you may appeal again to this Office.

This Office has forwarded a copy of your letter to BOP. You should contact BOPs Requester Service Center at (202) 616-7750 for further updates regarding the status of your request.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X _____

Christina Troiani
Chief, Administrative Appeals Staff

JEFFERIS V. BOP 24-CV-3062 EXHIBIT 5